# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

ROBERT OSSIE DINKINS,                   )
Register No. 529495,                    )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )       No. 06-4303-CV-C-NKL
                                        )
CMS, et al.,                            )
                                        )
                    Defendants.         )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Robert Ossie Dinkins, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are Correctional Medical Services (CMS); CMS personnel Medical Nursing Staff, Doctors Staff, Dr. Garcia and Nurse Hardman; Jefferson City Correctional Center (JCCC); and JCCC personnel Sutton, Green, Courn and Webster.

Plaintiff claims serious medical problems and the failure of medical staff to properly treat him.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff states no claims against defendants Correctional Medical Services, Medical Nursing Staff, Doctors Staff, Jefferson City Correctional Center and JCCC personnel Sutton, Green, Courn and Webster; thus, plaintiff's claims against these defendants should be dismissed.

Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records available to the court indicate plaintiff is capable of making an initial payment of $9.12[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

On January 5, 2007, plaintiff filed a motion for appointment of counsel, pursuant to 28 U.S.C. § 1915. There exists no statutory or constitutional right for an indigent to have counsel

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

2

appointed in a civil action for damages.  Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam).  Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'"  Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel.  Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint.  [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim.  In addition to the merits of a case, a court may consider any of a number of factors.  Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted).  See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . .  Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts.  Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision.  Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

3

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

On January 22, 2007, plaintiff filed a motion for leave to amend and for order seeking immediate medical parole release based on his original claims of denial of medical care. Release from confinement is not a proper claim for relief under 42 U.S.C. § 1983. If plaintiff seeks release from confinement, he must petition for a writ of habeas corpus. Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

Plaintiff's habeas claims should be dismissed, without prejudice. Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 claims at that time.

Plaintiff's motion for leave to amend his complaint is granted, pursuant to Fed. R. Civ. P. 12(b), but his amended claims should be dismissed, without prejudice, for failure to state a claim under 42 U.S.C. § 1983.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to file an amended complaint. [7] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [4] It is further

4

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claims against Dr. Garcia and Nurse Hardman. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $9.12 toward the $350.00 filing fee. It is further

ORDERED that within thirty days, Correctional Medical Services notify the court, in writing, for which defendants it will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims seeking an order of immediate medical parole release be dismissed, without prejudice, for failure to state a claim under 42 U.S.C. § 1983, and his motion for order be denied. [7] It is further

RECOMMENDED that plaintiff's claims against defendants Correctional Medical Services, Medical Nursing Staff, Doctors Staff, Jefferson City Correctional Center and JCCC personnel Sutton, Green, Courn and Webster be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Case 2:06-cv-04303-NKL   Document 8   Filed 01/25/07   Page 5 of 6

Dated this 25th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

Case 2:06-cv-04303-NKL   Document 8   Filed 01/25/07   Page 6 of 6